United States Court of Appeals,

Fifth Circuit.

No. 93-1132.

William Ray McGARY, Petitioner-Appellant,

v.

Wayne SCOTT, Director, Texas Department of Criminal Justice,
Institution Division, Respondent-Appellee.

Aug. 3, 1994.

Appeal from the United States District Court for the Northern
District of Texas.

Before GOLDBERG, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

GOLDBERG, Circuit Judge:

William Ray McGary appeals the district court's dismissal of
his second application for federal habeas corpus relief. In this
application, McGary argued that he was unconstitutionally deprived
of approximately 30 days of good time credit. Because we agree
with the court below that McGary's second habeas application
constitutes an abuse of the writ, we affirm the district court's
judgment.

I. Facts and Proceedings Below

In 1985, William Ray McGary was convicted of murder and
sentenced to life imprisonment. He served more than three and one
half years of this sentence before his conviction was reversed and
his case was remanded for a new trial. *See McGary v. State,* 750
S.W.2d 782 (Tex.Crim.App.1988). McGary subsequently pleaded guilty
to one count of murder. A state district court then sentenced him
to a 25-year term of imprisonment. McGary did not appeal this

1

conviction.

After exhausting available state remedies, McGary filed his first federal petition for a writ of habeas corpus on September 20, 1989. In that petition, he argued that by re-prosecuting him, the State of Texas violated the Double Jeopardy Clause of the Fifth Amendment to the Constitution. In a set of supplemental pleadings, McGary attempted to raise the same good time credit claim in his first habeas proceeding that he now asserts in his second habeas proceeding. However, since McGary had failed to exhaust his available state remedies on the good time credit claim, he voluntarily withdrew the supplemental pleadings on that issue in his first habeas proceeding. The district court denied McGary's application for habeas relief on the double jeopardy claim with prejudice, and we denied a motion for a certificate of probable cause. McGary then pursued the available state remedies on his good time credit claim to no avail.

In December of 1992, proceeding *pro se* and *in forma pauperis,* McGary filed a second application for federal habeas corpus relief. In this application, McGary argued that the Texas Department of Corrections ("TDC") unconstitutionally deprived him of good time credit to which he was entitled. More specifically, McGary claimed that he was entitled to receive approximately 30 days of good time credit under the Texas Prison Management Act ("PMA"), but that he was denied this credit by an unconstitutional, ex post facto

2

application of certain amendments to the PMA.[1]  We have previously held that a retroactive application of an amendment to the PMA that denies a prisoner the opportunity to be considered for good time credit violates the Ex Post Facto Clause of the federal Constitution.  *See Story v. Collins,* 920 F.2d 1247, 1251 (5th Cir.1991).[2]

Upon the state's motion, the district court dismissed McGary's second habeas petition as an abuse of the writ.  We granted McGary a certificate of probable cause to consider whether a prisoner may challenge a TDC denial of a request for good time credit in a federal habeas proceeding when that prisoner has previously filed an unsuccessful federal habeas application on a separate issue.

## II. Discussion

A district court's decision to dismiss a second or subsequent federal habeas petition for abuse of the writ lies within its sound discretion.  We will reverse such a dismissal only if we find an abuse of that discretion.  *Sanders v. United States,* 373 U.S. 1,

---

[1]The provisions of the Prison Management Act, as they appear now, are codified in chapters 498 and 499 of the Texas Government Code.

[2]In fact, the contours of McGary's good time credit claim are not sharply defined, and we are not certain that McGary's grievance necessarily involves a violation of the federal Constitution.  Accordingly, it is not clear that McGary's complaint entitles him to federal habeas relief.  *See Reed v. Farley,* --- U.S. ----, ----, 114 S.Ct. 2291, ----, --- L.Ed.2d ---- (1994) ("A state prisoner may obtain federal habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' ") (quoting 28 U.S.C. § 2254) (emphasis omitted).  Nevertheless, for the purposes of this opinion, we will assume that McGary's good time credit claim entails an unconstitutional, ex post facto application of an amendment to the PMA.

18-19, 83 S.Ct. 1068, 1078-79, 10 L.Ed.2d 148 (1963); *Hudson v. Whitley,* 979 F.2d 1058, 1062 (5th Cir.1992). A court abuses its discretion when it bases its decision on an erroneous legal conclusion or on a clearly erroneous finding of fact.

In *Story v. Collins, supra,* we confronted a case closely analogous to the one we face today. In *Story,* a state prisoner claimed that the TDC unconstitutionally refused to consider his application for good time credit. The state prisoner raised that claim in a petition for a writ of habeas corpus that also included several other bases for habeas relief. The state argued that Rule 2(d) of the Rules Governing Section 2254 Cases required the state prisoner to raise his good time credit claim in a separate habeas application. Rule 2(d) provides as follows:

> A petition shall be limited to the assertion of a claim for relief against the judgment or judgments of a single state court (sitting in a county or other appropriate political subdivision). If a petitioner desires to attack the validity of the judgments of two or more state courts under which he is in custody or may be subject to future custody, as the case may be, he shall do so by separate petitions.

Observing that Rule 2(d) limits the assertion of claims for relief raised in a habeas petition to "the judgment or judgments of a single state court", the state argued that the prisoner's good time credit claim attacked a ruling of the TDC while the prisoner's other bases for habeas relief attacked the decision of another court. The state thus concluded that the prisoner was required to raise his good time credit claim in a separate habeas petition. We rejected the state's contention and explained that, for the purposes of Rule 2(d), "[t]he TDC is not a state court, and the

4

application of good conduct time is not a judgment." *Story,* 920 F.2d at 1251.  We recognized that the prisoner's good time credit claim "attacks the conditions of his restraint under his judgment of conviction."  *Id.*  We therefore held that the prisoner was not required to bring his good time credit claim in a separate habeas petition.

In *Story,* we did not explicitly hold that a state prisoner who is confined on a single judgment of conviction and who has a challenge to a denial of good time credit is usually required to bring his or her existing good time credit claim in the same habeas petition as any other claim that he or she has against his or her conviction.  Today, we so hold.  Because McGary's good time credit claim attacks the conditions of his restraint under the judgment of conviction for murder, and because he plainly knew of that claim when he filed his first federal habeas petition, McGary was required to raise his good time credit claim in his first petition for habeas relief.

We reach this conclusion because Rule 9(b) of the Rules Governing Section 2254 Cases provides that a judge may dismiss a second or subsequent petition for habeas relief if the petition fails to allege new or different grounds for relief, or—when a new ground for relief is alleged—if the failure to raise that ground in a prior petition constitutes abuse of the writ.  Rule 9(b), Rules Governing Section 2254 Cases;  *Drew v. Collins,* 5 F.3d 93, 95-96 (5th Cir.1993).  Raising a new or different ground for habeas relief in a second or subsequent habeas petition constitutes abuse

of the writ unless the petitioner can show both "cause" and "prejudice"—in other words, both a legitimate excuse for failing to include the new claim in a previous federal petition and actual harm from the error claimed. *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Drew,* 5 F.3d at 96.[3] "The requirement of cause in the abuse of the writ context is based on the principle that [the] petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition." *McCleskey,* 499 U.S. at 498, 111 S.Ct. at 1472. To demonstrate cause, the petitioner must show that some "external impediment, whether it be government interference or the reasonable unavailability of the factual basis for the claim, must have prevented [the] petitioner from raising the claim.... [T]he question is whether [the] petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *Id.* If a petitioner cannot establish cause, a district court will find that the prisoner has abused the writ. However, the *McCleskey* Court suggested that "if [a] petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the

_____

[3]We have rejected the contention that the cause and prejudice standard does not apply to *pro se* habeas petitioners. *See Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir.1992) ("*McCleskey* draws no distinction between pro se petitioners and those represented by counsel.").

6

claim." *Id.* 499 U.S. at 494-95, 111 S.Ct. at 1470. We have explained that a " "fundamental miscarriage' implies that a constitutional violation probably caused the conviction of an innocent person." *Jones v. Whitley,* 938 F.2d 536, 541 (5th Cir.), *cert. denied,* --- U.S. ----, 112 S.Ct. 8, 115 L.Ed.2d 1093 (1991); *see also Sawyer v. Whitley,* --- U.S. ----, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992) (explaining that the fundamental miscarriage of justice exception to the abuse of the writ doctrine ensures that federal constitutional errors do not result in the incarceration of innocent persons.).

In the present case, the state correctly observed in its motion to dismiss that McGary attempted to raise his good time credit claim in his first application for habeas relief, but voluntarily withdrew that claim from consideration before the district court entered judgment in that case. The state thus adequately satisfied its burden of pleading abuse of the writ. To avoid a finding that his second petition constituted an abuse of the writ, McGary was then required to show both cause for his failure to raise his good time credit claim in his first habeas proceeding and prejudice resulting therefrom. However, "[a] failure to raise a claim in the first petition may not be excused for cause if the claim was reasonably available at that time." *Selvage v. Collins,* 975 F.2d 131, 133 (5th Cir.1992) (on petition for rehearing), *cert. denied,* --- U.S. ----, 113 S.Ct. 2445, 124 L.Ed.2d 663 (1993). McGary has not—indeed, he cannot—show that he did not know of his good time credit claim when he filed his first

7

application for habeas relief. McGary plainly knew of the facts and legal theories that formed the basis of his good time credit claim when he filed his first federal habeas petition. He briefly attempted to interject the issue in his first habeas proceeding, but later voluntarily dropped it. McGary's good time credit claim was thus reasonably available to him when he filed his first federal habeas petition. McGary's evanescent memory does not excuse his failure to assert the good time credit issue in his initial habeas petition.

McGary asserts that his failure to have exhausted the available state remedies on his good time credit claim when he filed his first habeas petition constitutes cause for failing to include that claim that petition. We have repeatedly rejected this argument. More than a decade ago, we wrote that "the sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission." *Jones v. Estelle,* 722 F.2d 159, 168 (5th Cir.1983) (en banc), *cert. denied,* 466 U.S. 976, 104 S.Ct. 2356, 80 L.Ed.2d 829 (1984); *see also Rudolph v. Blackburn,* 750 F.2d 302, 305 (5th Cir.1984) (quoting same). McGary cannot be allowed to rely on his failure to exhaust state remedies on his good time credit claim to justify his failure to include that claim in his first habeas application. We do not accept his proposition that, in this case, two wrongs make a right.

McGary also argues that the abuse of the writ doctrine applies only to deliberate decisions not to include all of one's claims in a single habeas petition. He is mistaken. "Abuse of the

8

writ is not confined to instances of deliberate abandonment." *McCleskey,* 499 U.S. at 489, 111 S.Ct. at 1467. At one point, McGary suggests that the prohibition against second or subsequent habeas petitions that raise new or different claims applies only to second or subsequent petitions that proclaim a petitioner's innocence. We find no basis for such a reading of the abuse of the writ doctrine. Indeed, case law points in the opposite direction. *See Herrera v. Collins,* --- U.S. ----, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *Sawyer v. Whitley,* --- U.S. ----, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).

Finally, we do not find that a fundamental miscarriage of justice would result from a failure to entertain McGary's good time credit claim. As noted above, the "fundamental miscarriage of justice" standard has only been applied to allow prisoners who claim actual innocence to file second or subsequent habeas petitions that would otherwise be considered abusive. Nothing in the record even intimates that McGary is innocent. Hence, our refusal to address McGary's good time credit claim will not result in a fundamental miscarriage of justice.

McGary cannot show that he had cause for his failure to raise his good time credit claim in his first habeas petition. Accordingly, we need not address whether McGary can show that he was prejudiced by his failure to raise the good time credit issue in his first federal habeas petition. The district court correctly dismissed McGary's second habeas petition as an abuse of the writ.

The law requires federal habeas petitioners to assert in their

first habeas application all claims known of, all claims that should have been known of, and all claims that had been known of. By failing to voluntarily dismiss his first habeas petition after he realized that he had not exhausted the available state remedies for his good time credit claim (or by failing to ask for a stay of his first habeas proceeding), McGary effectively waived his opportunity to raise that issue in a second habeas application. Second or subsequent petitions for federal habeas relief are justified on the ground that prisoners should not be deprived of a federal right if the failure to assert that right in a prior habeas petition was not due to anything they could have done. This rule demonstrates that we do not base the determination of potentially abusive habeas petitions on the number of petitions that preceded it. We base such determinations on what was reasonably available when the previous petitions were filed. Nevertheless, this is not a case in which the prisoner's failure to assert his federal right in an earlier habeas application can be excused. McGary could have, and should have, raised his double jeopardy claim and his claim for loss of good time credit in a single petition for habeas relief.

### III. Conclusion

The judgment of the district court is AFFIRMED.