United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 1, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-10020

BURTIS JACKSON CRONE, JR.,

Petitioner - Appellant,

versus

JANIE COCKRELL, DIRECTOR
TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent - Appellee.

Appeal from United States District Court
for the Northern District of Texas

Before DeMOSS and STEWART, Circuit Judges, LITTLE, District Judge.[*]

CARL E. STEWART, Circuit Judge:

Burtis Jackson Crone, Jr. ("Crone") is currently serving a thirty-year sentence for a 1994 burglary conviction. Crone was erroneously released from custody on June 22, 1997 and then rearrested on June 7, 1998. This Court granted a Certificate of Appealability ("COA") "on the issue of whether Crone's sentence should be credited for the out of custody period following his being

---

[*]Judge of the United States District Court for the Western District of Louisiana, sitting by designation.

notified of his erroneous release." For the following reasons, we VACATE the district court's judgment for lack of subject matter jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Crone was serving three concurrent prison sentences when the Texas Court of Criminal Appeals reversed two of the sentences and remanded for resentencing. On June 5, 1997, the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID") sent Crone to Dallas County to await resentencing. During Crone's stay in the Dallas County Jail, he was resentenced to time served on the two sentences that were reversed. Crone was then sent to the Hutchins State Jail, but the jail refused to accept him because it is a short-term facility, and the record indicated that Crone had a thirty-year sentence remaining on the conviction that had not been reversed.

On June 22, 1997, the Dallas County Jail sent Crone to the book-out Sergeant for release. Crone informed the Sergeant that two of his sentences had been reduced to time served, but that he still had a thirty-year sentence to serve on the remaining conviction. The Sergeant told Crone, "[i]t looks like someone has lowered all three sentences to time served" and "[j]ust count yourself lucky and go home."

The next day, Crone had his mother and step-sister make repeated phone calls to the Dallas County Jail to determine whether he had any outstanding warrants. The person who answered at the jail told Crone's relatives that he had no warrants and that the computer showed that all three sentences were reduced to time served, thus he was free and clear. The person at the jail also instructed them not to call back. Crone next attempted to renew his driver's license because he knew that if a warrant existed, he would not be allowed to do so. He received his driver's license, and

obtained his social security card as well, confirming that no warrants existed for him. Crone did not commit any new crimes while he was released.

On August 7, 1997, the TDCJ-ID notified the Dallas County Jail that it had erroneously released Crone. TDCJ-ID informed the Dallas County Jail that Crone needed to be rearrested and took no further action. Five months after his erroneous release, a representative of the Dallas County Jail called Crone and asked him to turn himself in.[1] Crone did not do so. On June 7, 1998, an agent with the Federal Bureau of Investigations ("FBI") arrested Crone and returned him to the Dallas County Jail. Crone was returned to TDCJ-ID four months later without a hearing, and he was not charged with evading arrest or any other new charges. Crone was out of custody for eleven months and fourteen days.

On November 11, 1998, Crone filed his second state application for writ of habeas corpus with the state trial court. Crone argued that he should receive credit for the entire time he spent out of custody. The state trial court considered a letter and affidavit from S.O. Woods, Jr. ("Woods"), Chairman of the State Classification Committee at TCDJ-ID in Huntsville, Texas, which provided a summary of Crone's records. The state trial court credited Woods's affidavit and letter which indicated that "for jail time credit purposes, [Crone] has been in continuous confinement relative to Cause No. F94-60739-WN since November 15, 1994 and that [Crone] has not been denied jail time credit for the period of time during which [he] was erroneously not in confinement." Accordingly, the state trial court denied Crone's application. The Texas Court of Criminal Appeals subsequently

---

[1] Crone does not challenge the magistrate judge's finding that he was notified of the mistake five months after his release, on November 22, 1997.

denied Crone's application without written order, based on the findings of the trial court without a hearing.

On April 18, 1999, Crone filed his initial federal petition for writ of habeas corpus contending that: (1) his sentence was improperly enhanced by two state jail felonies, and (2) he received ineffective assistance of counsel. This petition was dismissed with prejudice as time-barred and this Court denied Crone's request for a COA. On August 16, 1999, Crone, appearing pro se, filed his second federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In this subsequent petition, Crone argued that he was denied jail time credit for the time period he was out of custody due to his erroneous release. The district court referred the matter to a magistrate judge. The State filed a motion to dismiss for failure to request permission from the Fifth Circuit to file a successive petition. On February 15, 2000, the magistrate judge found that Crone's petition was not "successive" within the meaning of 28 U.S.C. § 2244(b). The district court adopted the magistrate judge's findings, conclusions, and recommendation, and denied the State's motion to dismiss.

The magistrate judge conducted an evidentiary hearing where Michael W. Countz, Assistant Director for Classification & Records for TDCJ-ID, testified that Woods's earlier calculation of Crone's credits submitted in the state proceeding was incorrect and that Crone had not been given credit for out of custody time.[2] The magistrate judge recommended that Crone be granted good-time credit for the period from June 5, 1997 through November 22, 1997. Crone filed objections, arguing that he should be entitled to credit for the full period of time he was out of custody. The State also filed objections and a motion to dismiss as moot, arguing that TDCJ-ID had in fact awarded Crone

---

[2] The magistrate judge appointed counsel to represent Crone for purposes of presenting this petition.

4

credit for the period of time from June 5, 1997 to November 22, 1997, thus rendering Crone's petition moot. After conducting a de novo review, the district court adopted the recommendation of the magistrate judge and subsequently denied Crone's request for a COA.[3] On May 20, 2002, this Court granted Crone's application for a COA and this appeal follows.

DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A) -

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The State contends that Crone's petition should have been dismissed as successive because the factual predicate of his erroneous release was known to Crone no later than June 7, 1998, the date he was rearrested, well before Crone filed his first federal petition on April 18, 1999.

As a preliminary matter, the State did not file a cross-appeal raising the successiveness issue. Nevertheless, this Court must address whether Crone's petition is "successive" within the meaning of § 2244(b)(3)(A) because our appellate jurisdiction is implicated. In United States v. Key, this Court held that "§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this [C]ourt has granted the petitioner permission to file one." 205 F.3d 773, 774 (5th Cir. 2000); see also Spivey v. State Bd. of Pardons & Paroles, 279 F.3d 1301, 1303 (11th Cir. 2002) (treating the prisoner's § 1983 claim as the functional equivalent of a second habeas petition and holding that because "he did not first apply with this Court for permission to file a second or successive petition as required by 28 U.S.C. § 2244(b)(3)(A), the

---

[3] The district court acknowledged that TDCJ-ID had already awarded Crone credit for the period June 5, 1997 to November 22, 1997, but nevertheless ordered TDCJ-ID to credit Crone's sentence for that period.

5

district court lacked jurisdiction to entertain [the prisoner's] claim"); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002) ("Because [the petitioner] did not obtain leave from this court pursuant to 28 U.S.C. § 2244(b)(3)(A) before filing his successive § 2255 petition, the district court . . . lacked subject matter jurisdiction . . . ."); In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (stating that "[s]ection 2244(b)(3)(A) is an allocation of subject-matter jurisdiction to the court of appeals") (internal quotation marks omitted). In Key, this Court vacated the judgment of the district court denying the petitioner's motion for appointment of counsel to assist him in filing a subsequent federal habeas petition and dismissed the petitioner's appeal for lack of jurisdiction. Key, 205 F.3d at 775. In doing so, we stated the following:

> Even though the government does not challenge this appeal on jurisdictional grounds, "we must always be sure of our appellate jurisdiction and, if there is doubt, we must address it, sua sponte if necessary." Castaneda v. Falcon, 166 F.3d 799, 801 (5th Cir. 1999); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S. Ct. 1003, 1013, 140 L.Ed.2d 210 (1998) ("[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it.") (citation omitted). If the district court lacked jurisdiction, "[o]ur jurisdiction extends not to the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." New York Life Ins. Co. v. Deshotel, 142, F.3d 873, 882 (5th Cir. 1998).

Id. at 774. Accordingly, we address whether Crone's petition is "successive" within the meaning of § 2244(b)(3)(A) sua sponte.

"[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Although AEDPA does not set forth what constitutes a "second or successive" application, this Court has held that "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Id.

6

Crone argues that In re Cain supports his contention that his subsequent petition was not "successive." In In re Cain, this Court held that a habeas petition challenging a prison disciplinary proceeding filed after a habeas petition attacking the merits of the conviction was not a "successive" petition. 137 F.3d at 235. The petitioner in In re Cain sought relief from post-conviction and post-sentence administrative actions by the prison board which the petitioner contended stripped him of his good-time credits without due process of law. Id. at 236. Although Crone's claim similarly attacks the administration of his sentence, rather than his conviction or sentence, this Court's decision in In re Cain also turned on the fact that the petitioner was stripped of his good-time credits after he had filed his earlier petition. Id. As a result, the petitioner in In re Cain could not have brought his due process claims in conjunction with his earlier petition because those claims had not yet arisen. Id. In this case, however, Crone knew of all of the facts necessary to raise his jail time credit claim before he filed his initial federal petition. Thus, Crone's sole remaining argument is that he should not have been required to raise the jail time credit claim in his initial federal application because it was unexhausted.[4] See Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) ("A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."); see also 28 U.S.C. § 2254(b).

In keeping with the meaning of "second or successive" espoused by this Court in In re Cain, we look to pre-AEDPA abuse of the writ principles in determining whether Crone's petition is successive. 137 F.3d at 235-36 ("[A] later petition is successive when it . . . constitutes an abuse of the writ."); see also James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002) ("To interpret the term

---

[4] Crone's second state application which raised the jail time credit issue was submitted to the state trial court on November 11, 1998 and denied by the Texas Court of Criminal Appeals on May 19, 1999.

'second or successive,' courts look to the pre-AEDPA abuse-of-the-writ doctrine."); Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) (same). "Under the abuse-of-the-writ doctrine, a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." Walsh, 308 F.3d at 167. In accordance with our strong policy against piecemealing claims, we have long held that under an abuse of the writ standard, "'the sole fact that the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission.'" McGary v. Scott, 27 F.3d 181, 184 (5th Cir. 1994) (quoting Jones v. Estelle, 722 F.2d 159, 168 (5th Cir. 1983) (en banc)). If Crone had brought the unexhausted jail time credit claim in his initial application, it would have been dismissed and a subsequent application submitted after the claim was exhausted would not have been a "second or successive" petition. See In re Gasery, 116 F.3d 1051, 1052 (holding that a petition that was refiled after it was dismissed for failure to exhaust state remedies was not a "second or successive" petition). As this Court has previously explained, however, the Supreme Court's instruction in Rose v. Lundy, 455 U.S. 509 (1982), that "mixed" petitions, meaning those containing both exhausted and unexhausted claims, should be dismissed without prejudice "would have little meaning if it could be avoided by withholding unexhausted claims." Jones, 722 F.2d at 168. We find that Crone's failure to bring the jail time credit claim in his initial application, despite the fact that the claim arose prior to him filing his initial application, renders the instant application an abuse of the writ.[5] Accordingly, Crone's second application is "successive" within the meaning of 28 U.S.C. § 2244(b).

---

[5] Crone notes that his second state application which raised the jail time credit issue was not considered an abuse of the writ by the Texas courts, rather the state courts addressed the merits of his claim. This is inapposite because Crone's first state application for post-conviction relief was filed on September 17, 1996, well before Crone's erroneous release from custody.

8

CONCLUSION

For the reasons outlined above, we find that the district court did not have subject matter jurisdiction over Crone's application because Crone did not obtain an order from this Court authorizing the district court to consider the successive application. See 28 U.S.C. § 2244(b)(3)(A). Accordingly, the judgment of the district court is VACATED and this case is REMANDED to the district court with instructions to dismiss for lack of jurisdiction.

VACATED and REMANDED.