United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-11421

_____

In Re: JOSE ANTONIO JIMENEZ

                    Movant

- - - - - - - - - - - - - - -
Appeal from the United States District Court for the
Northern District of Texas, Dallas
- - - - - - - - - - - - - - -

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Jimenez, Texas prison # 1028536, pleaded guilty on February 8, 2001, to aggravated assault and injury to a child, and was sentenced to 15 years and 20 years, respectively. Jimenez's conviction and sentence were affirmed on appeal and the Court of Criminal Appeals refused his petition for discretionary review. Jimenez subsequently filed state applications for habeas relief, which were denied.

On September 21, 2002, while his petition for discretionary review was still pending, Jimenez filed his first federal habeas petition, which challenged a disciplinary action. Jimenez had been found with three pills and assessed a punishment of 30 days commissary restriction and a change in line classification, which

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he complained violated his due process right by "affecting [his] mandatory release date."  This petition was ultimately dismissed.

On June 8, 2004, Jimenez filed his second § 2254 application, at issue here, which challenged his conviction on several grounds.  The magistrate judge determined that the petition was successive, and the district court adopted the magistrate judge's findings and conclusions, ordering transfer of the matter to this court.

We are faced here with two questions:  (1) whether Jimenez's current petition is successive because it follows an earlier habeas petition challenging a disciplinary action,** and if so, (2) whether the court should grant his request to file a successive petition.

With regard to the first issue, the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not define what constitutes a second or successive habeas petition, but "a prisoner's application is not second or successive simply because it follows an earlier federal petition."  In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).  Rather, this circuit finds that "a later petition is successive when it:  1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  Id.  And "'the sole fact that

_____

** This court addresses sua sponte whether a § 2254 petition is sucessive.  See Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003).

the new claims were unexhausted when the earlier federal writ was prosecuted will not excuse their omission.'" Crone v. Cockrell, 324 F.3d 833, 837 (5th Cir. 2003) (quoting McGary v. Scott, 27 F.3d 181, 184 (5th Cir. 1994)).

Under these standards, Jimenez's current habeas petition is successive. The facts necessary to raise Jimenez's current challenges to his conviction occurred before his initial habeas petition, and Crone establishes that the failure to raise those challenges is not excused merely because they were unexhausted at that time. Id. This case presents no reason why the result should be different merely because Jimenez challenged the administration of his sentence before his conviction rather than the other way around, as neither courts nor the AEDPA distinguish between the two types of challenges. See Benchoff v. Colleran, 404 F.3d 812, 818 (3rd Cir. 2005). Our circuit has a "strong policy against piecemealing claims," Jones v. Estelle, 722 F.2d 159, 168 (5th Cir. 1983), overruled on other grounds as recognized by Saahir v. Collins, 956 F.2d 115, 119 (5th Cir. 1992), and has held under comparable circumstances that a habeas petition challenging a petitioner's conviction for the first time was rendered successive by an earlier habeas challenge seeking to file an out-of-time direct appeal. See United States v. Orozco-Ramirez, 211 F.3d 862, 869 (5th Cir. 2000).

For this court to authorize the filing of a successive § 2254 application, the petitioner must show that he:

(A) . . . relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §2244(b)(2).

Jimenez's petition fails to satisfy this provision. Although he contends that his application relies on newly discovered evidence, the factual predicate for the claims was known to him or could have been discovered through due diligence before filing his first federal petition. And although he claims that he is actually innocent of the crimes for which he was convicted, allegedly supported by the complainant recanting his accusations, he has at a minimum failed to show by clear and convincing evidence that, but for constitutional error, no reasonable jury would have found him guilty. The record shows that Jimenez testified under oath that he used a gun to shoot a child and affirmed that he was guilty during his sentencing hearing, never testifying that he did not wield a gun or that someone else fired the shot that injured the child.

Accordingly, IT IS ORDERED that Movant's motion for authorization to file a successive habeas corpus petition is

DENIED.