IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-70026

DALE DEVON SCHEANETTE

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, Director, Texas Department of Criminal
Justice, Institutional Division

Respondent-Appellee

Appeals from the United States District Court
For the Northern District of Texas
Fort Worth Division

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Dale Devon Scheanette ("Scheanette") filed this pro se petition for a
Certificate of Appealability ("COA") from the district court's denial of his Rule
60(b) motions and from the district court's judgments and orders dated April 10,
2006. This court previously denied Scheanette's petition for COA from the
district court's April 10, 2006 order. Scheanette v. Quarterman, 482 F.3d 815 (5th
Cir. 2007). We will not revisit that decision. Scheanette now seeks to appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the district court's denial of several motions for reconsideration of its judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and to raise additional habeas claims. He also seeks a stay of his upcoming execution, set for February 10, 2009. For the reasons set forth below, we deny all requested relief.

I.

The facts of Scheanette's crime and the procedural history of this case up to the point of our last review are set forth in our prior opinion and will not be repeated here. On March 10, 2008, almost a year after this court denied Scheanette a COA, he filed a pro se motion under Fed. R. Civ. P. 60(b) seeking relief from the district court's April 10, 2006 judgment denying him habeas relief. The district court denied that motion on March 19, 2008. Scheanette filed a second motion for relief from judgment on April 16, 2008, which the district court denied on April 18, 2008. Scheanette's third motion for relief from judgment was filed on May 22, 2008 and denied on May 23, 2008. On June 3, 2008, Scheanette filed a notice of appeal from the denial of his Rule 60(b) motions and from all judgments and orders entered by the district court, and a request for COA. The district court denied the request for COA. Scheanette filed additional motions for relief from judgment on June 5, 2008 and July 2, 2008, which were denied on June 9, 2008 and July 9, 2008. He then filed a notice of appeal and request for COA in the district court. The district court again denied COA on July 15, 2008. Scheanette filed another notice of appeal from the district court order dated July 9, 2008.

II.

Contrary to Scheanette's seventh claim of error, Fifth Circuit law is clear that when a petitioner appeals the denial of a Rule 60(b) motion seeking relief from judgment, he must first obtain a COA. Canales v. Quarterman, 507 F.3d 884, 887-88 (5th Cir. 2007). A COA will only issue if Scheanette makes a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2).

To meet this standard, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(internal quotation marks omitted).

Where the district court dismisses the application based on procedural grounds without reaching the prisoner's underlying constitutional claims, a COA should issue if the petitioner demonstrates that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling and that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 478 (2000).[1]

## III.

Scheanette filed five motions under Rule 60(b). As repeated before this court, Scheanette asserted the following grounds for relief in those motions:

1.  The district judge was disqualified from presiding over the case because he acted as counsel to Scheanette.

2.  The district court's final judgment is void because it lacked subject matter jurisdiction over the federal petition filed by Scheanette's habeas counsel, Richard Alley, because Scheanette did not sign or authorize the petition.

---

[1] In Scheanette's sixth claim of error, he argues that the district court erred in applying 28 U.S.C. § 2254(e)(1) to his cause because there should be no presumption of correctness or deference given to the state court judgment on his habeas petition because the trial judge and the state habeas judge were not the same and because the state judge conducted only a paper hearing and denied Petitioner's motion for discovery during state habeas review. However, as nothing in his appeal to this court requires us to review the state court's decision on Scheanette's habeas petition under any standard, we need not address this questionable assertion.

3.     The district court denied him due process of law in failing to sua sponte remove Richard Alley for ineffectiveness during the state and federal habeas process.

4.     The district court's judgment is void because the district court interfered with Scheanette filing pro se pleadings, firing counsel and requesting new counsel.

5.     The district court denied him due process and its judgment is void because it failed to inquire into conflicts of interest between appointed counsel and Petitioner.

Although the district court denied Scheanette's 60(b) motions without reasons, the dismissals were fully justified because the motions were untimely.[2] There are also additional reasons the dismissals were correct.

We read these claims as attacking "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Canales, 507 F.3d at 887, quoting Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). Accordingly, we will not treat Scheanette's 60(b) motions as successive habeas petitions. Id. Rather we will address whether COA is appropriate under the standards set forth above.

First, reasonable jurists could not debate the district court's rejection of Scheanette's allegation that the district judge should have disqualified himself after admonishing the Petitioner about AEDPA requirements and limitations on

---

[2] To the extent his motions were filed under Rule 60(b)(1) and (3), they were clearly untimely as they were filed more than one year after the entry of judgement. Fed.R.Civ. P. 60(c)(1). To the extent his motions were filed under Rule 60(b)(4) or (6), subsection (c)(1) of that rule requires that the motion be made within a reasonable time. The federal petition for writ of habeas corpus was filed in January 2006 and denied by the district court on April 10, 2006. Scheanette offers no explanation for why it took him nearly two years to seek reconsideration of the district court's decision especially when the grounds he raises were known to him at the time the petition was filed and denied. If the district court denied these motions on procedural grounds, reasonable jurists would not debate the district court's decision.

federal habeas proceedings. Although Scheanette cites authority that a district judge has no obligation to act as counsel or paralegal to a pro se litigant, nothing in those cases forbids a judge from advising a litigant about statutory and procedural requirements related to his case. Pliler v. Ford, 542 U.S. 225, 231-32 (2004). COA is not warranted as to this claim.

In the remaining four claims raised in Rule 60(b) motions, Scheanette complains about his representation by Richard Alley on federal habeas and the district court's response or failure to respond to the situation in which Alley failed to file all of the claims that Scheanette wanted to file. The record reveals that Scheanette agreed to representation by Richard Alley for his federal habeas petition. Therefore, Alley was permitted to sign the petition for writ of habeas corpus on Scheanette's behalf. 28 U.S.C. § 2242 (petition may be signed "by someone acting on [Petitioner's] behalf"). Although Scheanette complains that Alley did not include all the claims that he wanted him to file, Scheanette had no right to an attorney who would do as he was told and counsel had no obligation to raise every claim suggested by his client. See Vega v. Johnson, 149 F.3d 354, 361 (5th Cir. 1998); Jones v. Barnes, 463 U.S. 745, 751 and 754 (1983); Schaetzle v. Cockrell, 343 F.3d 440, 445 (5th Cir. 2003).

Further, the district court had no obligation to remove counsel. Although 28 U.S.C. § 2261(e) authorizes a federal court to appoint different counsel during state or federal post-conviction proceedings on the basis of ineffectiveness or incompetence, it is not required to do so. Significantly, § 2261 explicitly states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding." See also 28 U.S.C. § 2254(i); Coleman v. Thompson, 501 U.S. 722, 752 (1991); Ogan v. Cockrell, 297 F.3d 349, 357 (5th Cir. 2002)(There is no constitutional right to competent counsel in a habeas proceeding.) Accordingly, counsel's alleged failures in drafting Scheanette's federal habeas petition and the

district court's failure to respond thereto cannot support a substantial showing of the denial of a constitutional right as is required for a COA.

IV.

Scheanette raises seven additional claims in this petition.

8.     The judge at his trial was not impartial.

9.     The trial court erred in admitting fingerprint and DNA testimony into evidence in violation of the due process clause and the equal protection clause of the Fourteenth Amendment.

10.    The trial court erred in overruling Petitioner's request for a change in venue, in violation of the due process clause and the equal protection clause of the Fourteenth Amendment.

11.    The jury at Petitioner's trial was selected in violation of the due process clause and the equal protection clause of the Fourteenth Amendment.

12.    The trial court engaged in purposeful discrimination in denying Petitioner's objections that fingerprints, DNA and saliva had been obtained without probable cause and should have been excluded under state and federal exclusionary rules.

13.    Petitioner was denied effective assistance of counsel at his pretrial and trial in violation of the Sixth and Fourteenth Amendments.

14.    Petitioner was denied due process of law at his pretrial and trial by his counsel in violation of the Fifth and Eighth Amendments.

Issues eight through twelve have never been raised by Scheanette before in either the state or federal courts. Some portions of issues thirteen and fourteen were presented to the state, but not the federal habeas court. At best Scheanette made a cursory reference to issues thirteen and fourteen in his requests for COA from the district court. The remainder of the claims are unexhausted and procedurally barred. Further, this court does not have jurisdiction to consider these claims because Scheanette did not seek a COA from

the district court on any of these grounds. Sonnier v. Johnson, 161 F.3d 941, 946 (5th Cir. 1998)("Compliance with the COA requirement of 28 U.S.C. § 2253(c) is jurisdictional and the lack of a ruling on a COA in the district court causes this court to be without jurisdiction to consider the appeal.").

As to all of these issues, eight through fourteen, Scheanette's appeal to this court is a second or successive application within the meaning of § 2244 because it "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Crone v. Cockrell, 324 F.3d 833, 836-37 (5th Cir. 2003). Under the terms of § 2244(b)(2), a claim presented in a second or successive habeas corpus application that was not presented in a prior application shall be dismissed unless - -

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Scheanette has not made and cannot make any such showing as to the above listed issues.

To the extent this appeal can be construed as a motion for an order authorizing the district court to consider Scheanette's successive habeas petition, it is denied because Scheanette has failed to make a prima facie showing that the application meets the requirements of § 2244(b)(2) as set forth above. 28 U.S.C. § 2244(b)(3).

V.

For the foregoing reasons, we deny COA on Scheanette's issues one through five, and dismiss the remainder of his claims of error pursuant to 28 U.S.C. § 2244(b)(2).  For these same reasons, Scheanette's motion for stay of execution is denied as unwarranted.

COA DENIED; APPEAL DISMISSED; AUTHORIZATION TO FILE SUCCESSIVE HABEAS DENIED; STAY OF EXECUTION DENIED.