# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-51197
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELMER MARTIN SORRELL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:02-CR-106-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

In 2002, Elmer Martin Sorrell, federal prisoner # 28618-180, was convicted of bank robbery, and he was sentenced to 180 months of imprisonment. He previously sought and was denied 28 U.S.C. § 2255 relief. In 2008, Sorrell filed a motion to dismiss his bank robbery conviction, arguing that the district court lacked jurisdiction to prosecute him for the offense. The district court denied his motion on the merits. Sorrell appealed and sought leave from the district court to proceed in forma pauperis (IFP) on appeal. The district court denied IFP

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

status after determining that Sorrell's appeal was frivolous and not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

Sorrell has filed a motion for leave to proceed IFP with this court. He has also filed a motion for the appointment of counsel. Sorrell has failed to raise any nonfrivolous issues for appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997) (civil case); *United States v. Boutwell*, 896 F.2d 884, 889-90 (5th Cir. 1990) (one-judge order) (criminal case). As Sorrell has failed to demonstrate that his appeal is in good faith, this court could dismiss the appeal on the merits. *See Baugh,* 117 F.3d at 202, n. 24; *Boutwell*, 896 F.2d at 889.

However, this court must examine the basis of its jurisdiction sua sponte if necessary. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Sorrell's motion to dismiss for lack of jurisdiction was actually a successive § 2255 motion, which the district court was without jurisdiction to consider absent this court's prior permission. *See* 28 U.S.C. § 2244(b)(3)(A); *Crone*, 324 F.3d at 836-38. Where a district court acts without jurisdiction and improperly analyzes a successive § 2255 motion that was filed without this court's permission, this court's jurisdiction extends not to the merits, but to correct the error of the district court in its consideration of the motion. *See Crone,* 324 F.3d 837-38.

Accordingly, the judgment of the district court is VACATED and this case is REMANDED to the district court with instructions to dismiss for lack of jurisdiction. Sorrell's motion to proceed IFP and his motion for the appointment of counsel are DENIED.

VACATED and REMANDED; MOTIONS DENIED.