73,204-06

CAUSE NO. 007-0405-09-D

EX PARTE                                    §          IN THE TEXAS COURT OF

                                           §          CRIMINAL APPEALS AT RECEIVED IN

DONALD MARGRAVES                           §          AUSTIN, TEXAS COURT OF CRIMINAL APPEALS

                                           §

BRIEF OPPOSING RECOMMENDATION OF SMITH COUNTY          MAY 26 2015
DISTRICT ATTORNEY TO "SUCCESSIVE APPLICATION"
FOR WRIT OF HABEAS CORPUS

Abel Acosta, Clerk

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Donald Margraves, TDCJ #1585203, Applicant pro se, and submits this Brief Opposing Recommendation by Smith County District Attorney to what he says is a "Successive Application" for Writ of Habeas Corpus. Applicant will show this Honorable Court that, in accordance with precedent case law, this application is NOT successive and that Applicant has met his burden under applicable law to the subsequent writ bar found in Texas Code of Criminal Procedure, Article 11.07, section 4, the very statute used to bar this application. Applicant submitted a Memorandum in Support along with his writ application, which memorandum quotes precedent case law that supports his contention of facts found herein. Applicant will point out specific case law in this brief that will help this Court to determine an appropriate decision in this matter. Applicant also raised a claim of "Actual Innocence" of the status of Habitual Offender, which can be raised at any time.

(1) APPLICANT HAS NEVER CHALLENGED HIS CONVICTION.

In Applicant's first application for relief, filed under Article 11.07, Applicant questioned only the affirmative finding of deadly weapon. Not a legally sufficient "challenge to the conviction". See Ex Parte Rawlinson, 958 SW 2d 198 (Tex.Crim.App. 1997), where the applicant sought to have the deadly weapon removed. At first this was ruled as a challenge to his conviction. Four months later, Ex Parte Evans, 964 SW2d 643 (Tex.Crim.App. 1998), en banc, was decided in which this Court stated, "We now disavow that language". "It seems clear that, regardless of whether the prior claims were addressed on their merits, the issue is whether the prior claims constituted an attack on the conviction". Evans, @ 646, footnote 4, specifically addressing Rawlinson. This Court said that their previous decision in Rawlinson was erroneous. The challenge to deadly weapon allegation did not "present a claim regarding the validity of the

- 1 -

prosecution or the finding of guilt", and therefore, was not a "challenge to the conviction". Article 11.07 § 4 should exclude matters such as affirmative findings from the ambit of the section because an affirmative finding issue does not call into question the validity of the prosecution or the finding of guilt; rather it questions issues arising after the completion of the actual prosecution itself. It does not alter the verdict or the actual punishment assessed; it only affects the defendant's eligibility for parole. Furthermore, in Ex Parte Kerr, 64 SW3d 414 (Tex.Crim.App. 2002), this Court stated, "If a writ of habeas corpus does not challenge the validity of the underlying judgement and would not result in immediate relief..., even if meritorious, it is not an initial application for purposes of statute which generally bars consideration of a subsequent writ after filing the initial application". Although Kerr was a death penalty case, and filed under Article 11.071, there is a similar situation present. Again, this Court stated, "To constitute a document worthy of the title 'writ application' filed pursuant to Article 11.071, the writ must seek 'relief from a judgement imposing the death penalty'. A death penalty writ that does not challenge the validity of the underlying judgement and which, even if meritorious, would not result in immediate relief from his capital murder conviction or death sentence, is not an 'initial application' for purposes of Article 11.071 § 5 which generally bars consideration of the subsequent writ after the initial application. This same rule applies to non-capital writs filed under Article 11.07. See Ex Parte Evans, 964 SW2d 643, 646-47 (Tex.Crim. App. 1998)." Ex Parte Kerr, 64 SW3d 414 (Tex.Crim.App. 2002).

Applicant has cited many other cases in his memorandum that support this contention of what this Court calls "initial application". See Ex Parte Santana, 227 SW3d 700, 703 (Tex.Crim.App. 2007); Ex Parte Whiteside, 12 SW3d 819, 823 (Tex.Crim.App. 2000); Ex Parte McPherson, 32 SW3d 869 (Tex.Crim.App 2000); and Crone v. Cockrell, 324 F.3d 833 (5th Circuit 2003). Crone states, "A prisoner's habeas corpus application is not 'second or successive' simply because it follows an earlier petition".

The Court of Criminal Appeals stated, "Both the definition of conviction and this Court's case law regarding writ applications lead us to the conclusion that the precedural bar of § 4 is limited to instances in which the initial application raises claims regarding the validity of the prosecution or the judgement of guilt. It does not apply to claims regarding other matters, such as parole revocations or affirmative findings of deadly weapon. We conclude that the plain

- 2 -

language of § 4 unambiguous and does not lead to absurd results."

Finally, while it is true that claims regarding the affirmative finding of deadly weapon, as well as parole revocation hearings are cognizable under Article 11.07, this is the proper avenue to challenge such decisions. See Board of Pardons and Paroles ex rel Keene v. Court of Appeals for the 8th District, 910 SW2d 481, 488 (Tex.Crim.App. 1995). In order to raise these claims pertaining to trial matters, an applicant must file his application in the court and county in which he is convicted. Ex Parte Woodward, 619 SW2d 179 (Tex.Crim.App. 1981); Ex Parte Alexander, 861 SW2d 921, 922 (Tex.Crim.App. 1993). Thus, in a general sense, an applicant files a writ application attacking the judgement of conviction which has resulted in his confinement, regardless of the context of his actual claims. Woodward, 619 SW2d @ 179. Thus, although Applicant's claim of improper deadly weapon finding is cognizable under Article 11.07 § 1, it is not a challenge to the conviction under Article 11.07 § 4, because it does not call into question the validity of the prosecution or the judgement of guilt. Thus, Applicant is completely excepted from the ambit of Article 11.07 § 4 since this is NOT a successive application for habeas relief. The above cited case law is found in Applicant's memorandum in support, pages 33-40.

Article 11.07 § 4(a) specifically states: If a subsequent application for writ of habeas corpus is filed after the final disposition of an initial application **challenging the same conviction**, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that: (1) the current claims and issues have not and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the application; or (2) by a **preponderance of the evidence**, but for a violation of the U.S. Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt. (emphasis added). Section 5 adds: The Court of Criminal Appeals may direct that the cause be docketed and heard as originally presented to said court or as an appeal. (emphasis added). By this clear meaning of § 4, Applicant's current writ application is NOT "successive" and should be decided on its merits. If Applicant somehow is held to the dictates of section 4, he complies by satisfying the above-emphasised portion, **preponderance of the evidence**. Applicant has provided the record as Exhibit A,

- 3 -

which was called State's #1 used against Applicant in court on June 29, 2009. It is clear that Applicant was not proven to be an habitual offender. His priors were not proven to be "final" convictions to allow their use as enhancements in the sentencing phase of the instant charge of DWI. See memorandum in support, pages 20-29. Thus, applicant has filed this innocence claim, claiming he is innocent of habitual offender status.

According to Article 11.07 § 5, this Honorable Court **may** direct that the cause be docketed and heard. Applicant respectfully requests the Court to consider his current 11.07 application, docket the cause and hear the matter on its merits instead of following the recommendation of the trial judge, who was lead astray by the Smith County Assistant District Attorney's erroneous recommendation and incorrect quotes of the 11.07 statute, specifically section 4.

Further, Applicant respectfully directs the Honorable Court to the State's Answer To Successive Application For Writ Of Habeas Corpus, pages 84-88 of writ package submitted by the 7th District Court of Smith County, Texas; specifically page 86 (top) where the Smith County D.A. erroneously quotes 11.07 § 4, in which the D.A. leaves out important statute wording (i.e., "challenging the conviction"). The D.A. further goes on to misquote section 4 by inserting words of his own choosing (i.e., "regarding the same conviction"). The statute is clear, "challenging the same conviction". The Smith County D.A. has essentially changed the entire emaning of the statute (section 4) to disallow ALL second or successive applications. That was not the intention of the legislators when they enacted the section. The D.A. goes on to misquote Ex Parte Whiteside, 12 SW3d 819, 820 (Tex.Crim.App. 2000) by saying, on page 86, "subsequent applications include all applications for writs of habeas corpus regarding the same conviction", when Whiteside actually says, "Under the plain language of the statute, once an applicant files an application **challenging the conviction**, all subsequent applications regarding the same conviction must meet one of the conditions set forth in § 4(a)(1) or (2). These misquotes are deliberate and may be confusing to the judge if taken at their meaning by the D.A. It is for this reason, Applicant respectfully requests the Honorable Court to hold a hearing on this cause and determine the appropriate action on the merits contained therein. Applicant avers that he does not intend this request to harass, vex or delay the Court. He only wants justice served in this instant cause.

- 4 -

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Applicant Donald Margraves prays that the Honorable Court of Criminal Appeals in Austin, Texas will docket the above cause and hear the cause on its merits and make appropriate determination that Applicant has never challenged his conviction and, therefore, accept this 11.07 application as non-successive. Applicant prays for relief as requested in the application and all other general relief as the Court sees appropriate and just.

Respectfully,

Donald Margraves #1585203
Dalhart Unit
11950 FM 998
Dalhart, Texas 79022

## CERTIFICATE OF SERVICE

I, Donald Margraves, Applicant pro se, hereby certify that a copy of my Brief Opposing Recommendation of Smith County District Attorney to "Successive Application"for Writ of Habeas Corpus was served by U.S. Mail, on May 20, 2015 by placing same in the care of Dalhart Unit mail-room personnel, postage pre- paid, first class, and properly addressed as follows.

Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, Texas 78711


Donald Margraves #1585203