# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40720

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2018

Lyle W. Cayce
Clerk

JODY FORD MCCREARY,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-282

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Jody Ford McCreary, Texas prisoner # 1694118, was convicted of the Texas offense of tampering with physical evidence and sentenced to 12 years of imprisonment. The district court denied his 28 U.S.C. § 2254 petition, and we denied a certificate of appealability (COA). He now seeks a COA to challenge the district court's order striking a post-judgment motion in his § 2254 case. He also raises various substantive challenges to his evidence-tampering conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40720

To obtain a COA, an applicant must make "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   This requires demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks and citation omitted).

Although McCreary challenges the district court's order striking a prior post-judgment motion in his § 2254 case, his notice of appeal was filed too late for us to have jurisdiction, even if we construe his pleadings liberally as pertaining to the most recent order striking such a motion before the filing of his notice of appeal.  *See* 28 U.S.C. § 2107(a); *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  McCreary's challenges to his evidence-tampering conviction are barred by 28 U.S.C. § 2244(b) as his arguments either attempt to relitigate his earlier § 2254 claims or raise new ones.  *See* § 2244(b)(1) (barring previously presented claims), (b)(2)-(3) (barring new claims without authorization); *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

We DISMISS this appeal for lack of jurisdiction.  To the extent a COA is required, we also DENY the COA motion.  *See Slack*, 529 U.S. 473, 483-84.  In addition, we DENY leave to proceed in forma pauperis on appeal.

In light of the repeated frivolous nature of McCreary's prior filings, he is WARNED that the continued filing of frivolous, repetitive, or otherwise abusive filings in this court or any court subject to this court's jurisdiction will invite the imposition of additional sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court

No. 17-40720

or any court subject to this court's jurisdiction. He should move to withdraw any pending matters that are frivolous, repetitive, or otherwise abusive.