# United States Court of Appeals for the Fifth Circuit

No. 23-60180
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2023

Lyle W. Cayce
Clerk

Merlin Lkent Williams,

*Plaintiff—Appellant*,

*versus*

State of Mississippi; Harrison County Sheriff Department A.D.C.; Gulfport Police Department; Harrison County Circuit Court; Mississippi Department of Corrections; United States National Criminal Information Center; Et Cetera Alia Defendants,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:23-CV-22

_____

Before Elrod, Haynes, and Douglas, *Circuit Judges*.

Per Curiam:[*]

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60180

Merlin Lkent Williams, Mississippi prisoner # 213616, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his civil complaint as frivolous, malicious, and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).  Liberally construed, Williams's motion and briefs dispute the district court's determination that his complaint arose under 42 U.S.C. § 1983 and was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), as his claims challenged the validity of his conviction.  He argues that his claims instead arose under property law under 18 U.S.C. § 1030, 28 U.S.C. § 1343, and under 421 U.S.C. § 1985, because they involved his unconstitutional detention as corporeal and intellectual property.  Additionally, he contends that although the district court found his claims malicious because they were repetitive, he is pursuing the instant proceeding because he was not granted adequate remedies in his previous proceedings.  He also contends that these claims were not previously presented on habeas review.

Williams's amended complaint cited § 1983, and, in any event, regardless of his alleged statutory bases for his claims and his attempt to reinvent his claims as property claims, he has not raised a nonfrivolous argument attempting to show that this third attempt to challenge his conviction on the basis that he was wrongfully convicted for the crimes of "Merlin Kent Williams" is not malicious, even if he disagreed with the rulings his prior cases.  *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Williams v. Schmidt*, No. 1:19-CV-292 (S.D. Miss. Jul. 3, 2019), *Williams v. Cain*, No. 1:20-CV-286 (S.D. Miss. Aug. 18, 2021).  Moreover, to the extent that his complaint was correctly construed as a § 1983 complaint, Williams has not raised a nonfrivolous argument that his claims were barred under *Heck* because a finding in his favor would necessarily imply the invalidity of his conviction and sentence and because he has not shown that this conviction

or sentence has been invalidated. *See Heck*, 512 U.S. at 487. Additionally, to the extent that he contends that successive habeas relief is available, he has not shown his appeal raises a nonfrivolous issue regarding the district court's decision not to sever any habeas claims because he has not shown that this court has authorized him to file any successive habeas claims. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007); *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003). Because Williams fails to demonstrate that his appeal will involve a nonfrivolous issue, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Williams's motion for the appointment of counsel is also DENIED.

This dismissal of this appeal as frivolous; the district court's dismissal of his complaint as frivolous, malicious, and for failure to state a claim; and the district court's dismissal of *Williams v. Schmidt*, No. 1:19-CV-292 (S.D. Miss. Jul. 3, 2019), as frivolous and for failure to state a claim count as strikes under 28 U.S.C. § 1915(g). *See McGarrah v. Alford*, 783 F.3d 584, 584 (5th Cir. 2015); *Boyd v. Biggers*, 31 F.3d 279, 281, 284-85 (5th Cir. 1994). Because Williams has accumulated three strikes, he is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).