UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

AUGUSTINE R. TAPIA,

    Petitioner,

v.

No. 99-2023

TIM LEMASTER, Warden, New Mexico
State Penitentiary; ATTORNEY
GENERAL STATE OF NEW MEXICO,

    Respondents.

ORDER

Filed April 12, 1999

Before **PORFILIO**, **TACHA** and **MURPHY**, Circuit Judges.

The order filed in this matter on March 26, 1999, shall be published.

Entered for the Court,
Patrick Fisher, Clerk of Court

By:
    Keith Nelson
    Deputy Clerk

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AUGUSTINE R. TAPIA,

    Petitioner,

    v.

TIM LEMASTER, Warden, New
Mexico State Penitentiary;
ATTORNEY GENERAL STATE OF
NEW MEXICO,

    Respondents.

No. 99-2023

---

ORDER

Filed March 26, 1999

---

Before **PORFILIO**, **TACHA** and **MURPHY**, Circuit Judges.

---

This is a matter which was transferred by the district court to determine
whether Augustine Tapia, a state prisoner in New Mexico, should be granted
authorization to file a second 28 U.S.C. § 2254 petition in the district court. Because
we conclude that Mr. Tapia's § 2254 petition filed in the district court is successive,
we construe Mr. Tapia's "Petitioner's Motion for Remand to District Court in Lieu

of Motion for Permission to File Second or Successive Petition for Relief" as a request for authorization under 28 U.S.C. § 2244. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997)(treating a notice of appeal as a motion for authorization under § 2244). So construed, we deny the request.

Mr. Tapia filed his first § 2254 petition in December 1996, after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). He argued that his conviction and sentence for aggravated assault were invalid because his counsel was ineffective for: 1) allowing the state to introduce prejudicial evidence; 2) not objecting to the introduction of "prior bad acts" evidence; and 3) failing to allow Mr. Tapia to testify in his own behalf at trial. He also contended that an improper jury instruction was given and that there should have been a lesser-included offense instruction given. The magistrate judge, to whom the matter had been referred, determined that the ineffective assistance of counsel claim regarding Mr. Tapia testifying had not been exhausted in the state courts. Accordingly, he recommended that the petition be dismissed without prejudice as a mixed petition.

Mr. Tapia filed objections to the recommendation. He agreed that the petition was a mixed petition and requested "that he be allowed to go forward with his current petition, and that this Court order [the respondent] to respond to *only* those issues that have been properly exhausted by the New Mexico courts." (Emphasis in the original.)

2

The magistrate judge then issued an amended recommendation, addressing only the exhausted claims. He recommended that these claims be denied on the merits. The district court adopted both the original and the amended recommendations, dismissing without prejudice the unexhausted claim and denying the remaining claims on the merits. No appeal was taken.

Mr. Tapia subsequently filed a second § 2254 petition in the district court. He raised the claim which had been dismissed for failure to exhaust in the first § 2254 proceeding as well as additional allegations of ineffective assistance of counsel. He argued that trial counsel failed to properly investigate and call an essential witness and that his appellate counsel was ineffective.

The district court sua sponte transferred the matter to this court, concluding that the petition was a second or successive application and that authorization from this court was necessary before the petition could be filed.

Mr. Tapia admits that the grounds presented do not meet the criteria for authorization set forth in § 2244(b)(2). Rather, he argues that, because his present claims were dismissed without prejudice for failure to exhaust, the petition filed in the district court is not a successive or second one under AEDPA. This argument is without merit.

The Supreme Court in *Felker v. Turpin*, 518 U.S. 651 (1996), in upholding the constitutionality of AEDPA's gatekeeping provisions, stated that these restrictions

3

"constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'" *Id*. at 664. The Court then held that the new limits fell within the mainstream of the evolving jurisprudence to curb abuse of the writ.

Part of that evolving jurisprudence is *Rose v. Lundy*, 455 U.S. 509 (1982), a pre-AEDPA case, in which the Supreme Court addressed the issue of mixed habeas petitions, *i.e.* those containing both exhausted and unexhausted claims. The Court held that where a mixed petition is filed, the district court must dismiss the petition, thus giving the petitioner the choice of either refiling a petition containing only the exhausted claims or delaying his habeas petition altogether pending the exhaustion of all of his claims. *Id*. at 521. Subsequent statutory authority expressly provides that the district court may deny unexhausted claims on the merits. 28 U.S.C. § 2254(b)(2); *Hoxsie v. Kerby*, 108 F.3d 1239, 1242-43 (10th Cir.), *cert. denied*, 118 S.Ct. 126 (1997).

If the petitioner chose to refile, omitting the unexhausted claims, he ran the risk of having a second petition dismissed as an abuse of the writ. *Id*. at 520-521. *See also Harris v. Champion*, 48 F.3d 1127, 1131 (10th Cir. 1995). However, a petition filed after a previously submitted petition was dismissed without prejudice was not considered an abuse of the writ. *See Camarano v. Irvin*, 98 F.3d 44, 46 (2d Cir. 1996).

The courts have followed the pre-AEDPA cases on abuse of the writ to

4

determine whether a petition is second or successive for purposes of AEDPA. *See United States v. Scott*, 124 F.3d 1328, 1239 (10th Cir. 1997); *Reeves v. Little*, 120 F.3d 1136, 1139 (10th Cir. 1997). Accordingly, petitions which have been dismissed without prejudice for failure to exhaust state remedies do not count as previous petitions for purposes of the gatekeeping provisions of AEDPA. *McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997).

However, as noted above, where a petitioner chose to file an amended petition, he ran the risk of having the subsequent petition dismissed as an abuse of the writ if he was unable to meet the requirements for filing another petition. The Supreme Court's recent decision in *Stewart v. Martinez-Villareal*, 523 U.S. 637, 118 S.Ct. 1618 (1998), cited by Mr. Tapia, does not change this result. *Martinez-Villareal* held that an incompetent-to-be-executed claim brought under *Ford v. Wainwright*, 477 U.S. 399 (1986), which had been dismissed from a previously filed habeas proceeding because it was not ripe, would not be treated as a second or successive habeas application. "There was only one application for habeas relief, and the District Court ... should have ruled [ ] on each claim as it became ripe." 118 S.Ct. at 1621.

In the instant case, the issue is exhaustion and not ripeness. Mr. Tapia chose to pursue the exhausted claims and to abandon the unexhausted one. Thus *Martinez-Villareal* is inapposite and we conclude that this is a successive application.

5

Mr. Tapia argues that he should not be held accountable for the decision to pursue only the exhausted claims because he was pro se. There is no constitutional right to counsel in habeas proceedings. *See McClesky v. Zant*, 499 U.S. 467, 495 (1991). Mr. Tapia's pro se status does not justify reconsideration of the choice he made in his prior habeas matter. *See Rodriguez v. Maynard*, 948 F.2d 684, 687 (10th Cir. 1991)(holding that in abuse of the writ cases, cause and prejudice standard applies to pro se petitioners just as it applies to petitioners represented by counsel).

Mr. Tapia's application in the district court also presented claims that were not raised in his first petition.

To obtain authorization to file a second or successive habeas petition the movant must make a prima facie showing that the grounds set forth are based on either a new rule of constitutional law made retroactive on collateral review by the United States Supreme Court that was previously unavailable or newly discovered evidence, the factual basis for which could not have been discovered previously through the exercise of due diligence, and which would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

These additional claims, that trial counsel was ineffective because he failed to properly investigate and call an essential witness and that appellate counsel was ineffective, are not addressed by Mr. Tapia at all in his motion filed in this court.

6

Accordingly, authorization is denied as to these claims as well.

The motion to remand is **DENIED**.  Authorization is **DENIED**.

Entered for the Court
PATRICK FISHER, Clerk of Court