**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PATRICK E. WASHINGTON,

    Defendant-Appellant.

No. 00-3210
(D. Kan.)
(D.Ct. No. 91-CR-20022-01-GTV)

_____

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Patrick E. Washington, a federal prisoner appearing *pro se*,

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeals the district court's decision dismissing his motion filed pursuant to Federal Rule of Civil Procedure 60(b)(6). We construe Mr. Washington's appeal as an implied application to file a second or successive motion under 28 U.S.C. § 2255, and deny Mr. Washington leave to file such a motion.

The procedural background in this case warrants a short discussion. Mr. Washington was convicted on three counts of distribution of cocaine base, and unsuccessfully appealed his conviction and sentence to this court. *See United States v. Washington*, 11 F.3d 1510, 1511, 1518 (10th Cir. 1993), *cert denied*, 511 U.S. 1020 (1994). Following his direct appeal, Mr. Washington filed a motion under the Freedom of Information Act (FOIA) with the district court, and later filed two supplemental documents which the district court construed as a motion setting forth claims under 28 U.S.C. § 2255.[1] *See Washington*, 1996 WL 570198, **1-2. The district court rejected both Mr. Washington's FOIA and § 2255 motions in one order, discussing the merits of each motion separately. *Id.* at **1-6. No appeal was taken.

---

[1] Because the record does not contain the supplemental documents filed by Mr. Washington, we rely on the district court's identification of the issues raised therein and its cogent and thorough discussion of the merits of those issues. *See Washington v. United States*, 1996 WL 570198, **1-6 (D. Kan. Sept. 27, 1996).

Thereafter, Mr. Washington filed two unsuccessful § 2255 motions, one *pro se* and one by counsel. The district court dismissed the § 2255 motion filed by counsel as successive, finding Mr. Washington failed to obtain prior authorization from this court for filing. The district court nevertheless transferred the § 2255 motion filed *pro se* to this court, construing it as an implied application for authorization to file a successive § 2255 motion, and we denied the implied application. Shortly thereafter, Mr. Washington filed the "Motion for Relief from Judgment" pursuant to Rule 60(b)(6), at issue in this case. The district court denied Mr. Washington's Rule 60(b)(6) motion, determining Mr. Washington did not provide any reason which justified relief from the district court's prior judgment on his first § 2255 motion. The district court also denied four subsequent motions filed by Mr. Washington which the district court construed as motions to reconsider its denial of Mr. Washington's Rule 60(b)(6) motion.

On appeal, Mr. Washington contends the district court abused its discretion in denying his Rule 60(b)(6) motion. In support of this contention, Mr. Washington asserts the district court improperly construed his FOIA request as a § 2255 motion. Mr. Washington asserts the district court made this error because Mr. Washington filed the FOIA request and supplemental documents *pro se,* thereby causing confusion on his intent to file only a FOIA request and not a §

2255 motion.  In addition, Mr. Washington contends his *pro se* status and ineffective assistance of his post-conviction counsel warrants the filing of a successive § 2255 motion.  Specifically, Mr. Washington claims:  1) two different attorneys acted ineffectively by failing to file § 2255 motions, causing Mr. Washington to file his own *pro se* pleadings initiating the first and second § 2255 motions; and 2) one of those attorneys continued to act ineffectively by eventually filing a third, unsatisfactory § 2255 motion.

We have held a Rule 60(b)(6) motion cannot be used to circumvent restrictions imposed on successive motions.  *See Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir.) (per curiam), *cert. denied*, 525 U.S. 1024 (1998).  Thus, we treat a post-judgment Rule 60(b)(6) motion filed in a habeas proceeding as a second or successive motion under the Antiterrorism and Effective Death Penalty Act of 1996.  *See id.*  In order to file a second or successive § 2255 motion in the district court, the movant must obtain prior authorization from this court.  *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255.  Because Mr. Washington failed to obtain our authorization, the district court lacked jurisdiction to decide his Rule 60(b) motion and motions to reconsider, and therefore, we must vacate the district court's orders denying those motions.  *See Lopez*, 141 F.3d at 975-76.

Having made this determination, we next construe Mr. Washington's notice of appeal and brief on appeal together as an implied application for leave to file another § 2255 motion in the district court. *See id.* at 976. In order to obtain authorization from this court to file a second § 2255 motion in the district court, Mr. Washington must make the requisite showing under 28 U.S.C. § 2255. Specifically, he must show: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. In short, Mr. Washington must demonstrate either: 1) previously undiscoverable facts sufficient to establish he would not have been found guilty of the offense; or 2) reliance on a new, retroactive rule of constitutional law.

Following a review of Mr. Washington's implied application, we determine his application does not meet the requirements under § 2255. Specifically, Mr. Washington does not allege nor show a previously undiscoverable factual predicate existed sufficient to establish that no reasonable fact finder would have found him guilty of the underlying offense, or that his claims rely on a new,

retroactive rule of constitutional law. 28 U.S.C. § 2255. Clearly, Mr.

Washington's contention that the district court improperly construed his FOIA

request as a § 2255 motion is insufficient to meet this criteria. First, the record

shows the district court treated and rejected his FOIA request and initial § 2255

motion as separate matters rather than construing them together. *See Washington*,

1996 WL 570198, at **1-6. Second, Mr. Washington's supplemental pleadings

raised issues warranting § 2255 motion treatment. *Id.* Mr. Washington's intent to

raise the issues therein for relief under § 2255 is evidenced by the fact Mr.

Washington raised two of the same claims in his subsequent § 2255 motion.

Finally, Mr. Washington did not appeal either the district court's determination to

construe his supplemental pleadings as a § 2255 motion, or the district court's

decision on the merits of the issues raised therein.

We also reject Mr. Washington's argument he should be able to file a

successive § 2255 motion based on: 1) his *pro se* status in preparing his first and

second § 2255 motions; 2) alleged ineffective assistance of counsel in failing to

prepare his first and second § 2255 motions; and 3) alleged ineffective assistance

of counsel in preparing his third § 2255 motion. First, none of these contentions

meets the requirements necessary for obtaining approval for filing a second or

successive § 2255 motion. Moreover, in considering second or successive

motions, we have held *pro se* status does not justify reconsideration of the choices made in prior habeas matters. *See Tapia v. Lemaster*, 172 F.3d 1193, 1196 (10th Cir.), *cert. denied*, 528 U.S. 880 (1999). Similarly, because no constitutional right to counsel exists in collateral attacks on a conviction, ineffective assistance of counsel during collateral post-conviction proceedings is not grounds for, nor an excuse to file, a successive or abusive habeas writ. *See Bloomer v. United States*, 162 F.3d 187, 191 n.1 (2d Cir. 1998); *Callins v. Johnson*, 89 F.3d 210, 212-13 (5th Cir.), *cert. denied*, 519 U.S. 1017 (1996); *Washington v. Delo*, 51 F.3d 756, 760 (8th Cir.), *cert. denied*, 516 U.S. 876 (1995).

For these reasons, we conclude Mr. Washington fails to make the prima facie showing necessary to satisfy the requirements under the Antiterrorism and Effective Death Penalty Act for a second or successive habeas application. Accordingly, we **VACATE** the district court's orders denying Mr. Washington's Rule 60(b)(6) motion and motions to reconsider, and deny Mr. Washington's implied application for leave to file a second or successive § 2255 motion in the district court. We further deny Mr. Washington's motion to proceed *in forma pauperis*. Because this appeal involves an implied application for leave to file a

successive motion, no certificate of appealability is required and therefore, Mr.

Washington's request for a certificate of appealability is denied.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge