# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2012

No. 11-40317

Lyle W. Cayce
Clerk

TONY STRICKLAND,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas

Before STEWART, Chief Judge, GARZA, and ELROD, Circuit Judges.

GARZA, Circuit Judge:

Petitioner Tony Strickland, a Texas state prisoner, exhausted his state remedies and moved to file a habeas corpus petition. The district court dismissed the application without prejudice for lack of subject matter jurisdiction under 28 U.S.C. § 2244, holding the petition is a second or successive petition. Strickland appeals, contending this petition is not a second or successive petition within the meaning of 28 U.S.C. § 2244. For the following reasons, we REVERSE and REMAND.

No. 11-40317

**I**

Strickland was convicted of aggravated robbery and sentenced to 15 years of imprisonment. His first trial ended in a hung jury. The victim testified against Strickland at his second trial. To support the victim's testimony, the prosecution sought to present the testimony of Terry Moore, an accomplice to the robbery. Moore invoked his Fifth Amendment right against self-incrimination. The trial court allowed both parties to read to the jury portions of Moore's testimony from Strickland's first trial. Strickland filed a direct appeal, arguing that the evidence was insufficient to support his conviction. The Texas Court of Criminal Appeals affirmed his conviction.

Strickland filed a pro se federal habeas application. He alleged several grounds of ineffective assistance of appellate counsel and ineffective assistance of trial counsel, several grounds of error by the trial court, and improper conduct by a juror in failing to communicate his ties to the trial court, Strickland, and Strickland's counsel. The magistrate judge recommended the district court deny Strickland's claim that appellate counsel was ineffective on the merits and dismiss without prejudice Strickland's remaining unexhausted claims. Strickland objected, arguing the exhaustion doctrine did not apply, because he had been denied the opportunity to exhaust his state remedies because his counsel on appeal failed to raise numerous grounds of error and because the trial court did not forward his state writ application to the state appellate court. The district court adopted the magistrate judge's report and recommendation,[1] dismissed with prejudice on the merits Strickland's exhausted claim that appellate counsel was ineffective, and dismissed without prejudice his unexhausted claims. The court stated that "the dismissal of the unexhausted

---

[1] After Strickland objected, the magistrate judge withdrew her initial recommendation, and issued a show cause order. The Respondent complied with the show cause order, and the magistrate reinstated her initial recommendation.

No. 11-40317

claims without prejudice does not obviate the exhaustion requirement itself, but simply allows Strickland to again seek federal habeas corpus relief upon those claims, when he can show that the exhaustion requirement has been met or plausibly argue that this requirement should be excused." Strickland appealed and we denied a COA.

Strickland filed an application for a writ of habeas corpus in state court in October 2010 and it was denied in November 2010, exhausting the remainder of his claims. Strickland returned to federal court in December 2010 with another pro se habeas application, in which he challenged his aggravated robbery conviction. He alleged, as he did in his prior amended § 2254 application, that his trial counsel was ineffective because he failed to object to Moore's "blanket assertion" of his Fifth Amendment right against self-incrimination, failed to object to the invocation in the presence of the jury, and failed to request jury instructions on adverse inferences. He also alleged that the trial court erred because it overly admonished Moore about perjury during Strickland's first trial and intimidated him, resulting in Moore's invocation of the Fifth Amendment privilege in his second trial. Strickland asserted he had returned to state court and exhausted the claims the federal court previously dismissed as unexhausted in his first petition.

The magistrate judge concluded that the instant application was a successive application and that Strickland had not shown that he received permission from this court to file it. The magistrate judge recommended the district court dismiss the application under 28 U.S.C. § 2244(b)(3)(A) as a second or successive application.[2] Strickland objected. After *de novo* review, the district court dismissed the application for lack of subject matter jurisdiction. Strickland

---

[2] "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

No. 11-40317

timely appealed. The district court denied a COA. A judge of this court granted a COA on whether the district court erred in dismissing the instant § 2254 application as an unauthorized successive application.

## II

When reviewing the denial of habeas relief, we review the district court's findings of fact for clear error. *Hardemon v. Quarterman*, 516 F.3d 272, 274 (5th Cir. 2008) (citing *Moody v. Johnson*, 139 F.3d 477, 480 (5th Cir. 1998)). We review issues of law *de novo. Id.* When a denial is on procedural grounds, our review is *de novo. Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004).

## III

Strickland's petition presents an issue of first impression in this circuit: where in an initial federal habeas petition the court decided an exhausted claim on the merits and dismissed the unexhausted claims without prejudice, stating the petitioner may return to federal court after exhausting the unexhausted claims, and the petitioner seeks to refile his petition after exhausting the unexhausted claims, whether the new petition is a "second or successive" petition under 28 U.S.C. § 2244.

Under § 2244(b)(3)(A), a district court is barred from asserting jurisdiction over a claim presented in "a second or successive application" unless we grant the petitioner permission to file the application. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Although § 2244(b) does not set forth what constitutes a "second or successive application," we have held that a later § 2254 application is successive when, among other things, it raises a claim challenging the petitioner's conviction or sentence that was raised in an earlier application. *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003).

A § 2254 application is not successive merely because it follows an earlier application. *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998); *Magwood v. Patterson*, 130 S. Ct. 2788, 2805 (2010) ("second or successive [does] not refer to all § 2254

4

applications filed second or successively in time, but [is] rather a term-of-art that takes its full meaning from our case law, including decisions predating the enactment of AEDPA.") (internal citation and quotation marks omitted). A § 2254 application filed after an earlier application that was dismissed without prejudice for failure to exhaust state court remedies is not a second or successive application. *Slack v. McDaniel*, 529 U.S. 473, 487 (2000); *In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997) (holding petitioner seeking to re-file habeas application after prior dismissal without prejudice for failure to exhaust state remedies is not required to comply with § 2244(b)(3)(A) when he returns to federal court after exhausting those claims).

Under *Lundy* district courts should dismiss mixed petitions and not permit petitioners to split claims in the manner the district court did in this case. *Rose v. Lundy*, 455 U.S. 509, 486 (1982); *Jones v. Estelle*, 722 F.2d 159, 168 (5th Cir. 1983) (describing our "strong policy against piecemealing claims"), *overruled on other grounds by Saahir v. Collins*, 956 F.2d 115, 119 (5th Cir. 1992). While a district court should dismiss an entire federal habeas application if the petitioner's state remedies have not been exhausted as to all claims raised in the federal petition, *Graham v. Johnson*, 168 F.3d 762, 778 (5th Cir. 1999) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)), "because exhaustion is based on comity rather than jurisdiction, there is no absolute bar to federal consideration of unexhausted habeas applications." *Id.* Specifically, habeas applications "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *Neville v. Dretke*, 423 F.3d 474, 482 (5th Cir. 2005) (citing 28 U.S.C. § 2254(b)(2)) (finding district court had discretion to deny exhausted claim improperly presented to the federal district court as part of a mixed application). Thus, even if the district court erred in reaching the merits of Strickland's exhausted claim, the error was not jurisdictional.

In *Slack v. McDaniel*, the petitioner presented unexhausted claims in a first habeas application. 529 U.S. 473, 478-80 (2000). The petitioner asked the district court to hold his petition in abeyance while he returned to state court to pursue post-conviction relief. *Id.* at 479. The district court dismissed the petition without prejudice and granted the petitioner leave "to file an application to renew" upon exhaustion of all state remedies. *Id.* The petitioner was unable to obtain post-conviction relief in the state court and returned to federal court with a mixed petition raising some of the claims he raised in his first state post-conviction proceedings, and claims he had not raised. *Id.* The district court dismissed the petition as a second or successive petition and also as an abuse of the writ. *Id.* at 479-80.

The Supreme Court agreed with the petitioner that the latter application was not second or successive and that the district court was wrong to dismiss the petition for failure to exhaust. *Id.* at 485-86. The Court reasoned that although *Lundy* held a district court must dismiss mixed petitions, it nevertheless contemplated that a petitioner could return to federal court after the requisite exhaustion. *Id.* at 486. The Supreme Court stated that none of its prior cases "have ever suggested that a prisoner whose habeas application was dismissed for failure to exhaust state remedies, and who then did exhaust those remedies and returned to federal court, was by such action filing a successive application." *Id.* at 487. The Court held, "A petition filed after a mixed petition has been dismissed under *Rose v. Lundy* before the district court adjudicated any claims is to be treated as 'any other first petition' and is not a second or successive petition." *Id.*

In *Burton v. Stewart*, the petitioner returned to federal court after he filed an initial § 2254 application with a new claim that he had exhausted after his initial application was denied, arguing that this claim related to a different judgment than the one made the basis of his first habeas application. 549 U.S.

147, 155-56 (2007). The petitioner did not raise the unexhausted claim in his first application. *Id.* at 155. The Court noted that the first application was adjudicated on its merits, and held the second application was "second or successive," and remanded the case to the district court for it to dismiss the application for want of jurisdiction. *Id.* at 155-57.

Strickland contends the district court erred when it entertained his first § 2254 application because it was a "mixed application" and that he should not be prejudiced by the error. Strickland contends that the two cases the district court cited in its order dismissing Strickland's habeas petition as "second or successive," *Burton*, 549 U.S. at 154, and *Mathis v. Thaler*, 616 F.3d 461, 470 (5th Cir. 2010), are not controlling because in those cases the petitioners were attempting to file new claims that were not raised in their first petition.

Appellee Thaler maintains the instant application is successive under § 2244 because one of the claims in Strickland's first habeas application was adjudicated on the merits. He cites *Burton* for the proposition that because Strickland elected to have the district court decide the merits of his exhausted claim without withdrawing his unexhausted claims,[3] he effectively abandoned his unexhausted claims, and therefore his application is successive. *See Burton*, 549 U.S. at 154 (holding those with exhausted and unexhausted claims "may proceed only with the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles.").

Strickland contends because *Slack* controls this case, we should hold his new petition is not a second or successive petition. *See Slack*, 529 U.S. at 478-79. Thaler contends because *Burton* controls we should dismiss Strickland's petition for lack of jurisdiction. *See Burton*, 549 U.S. at 155-56. Here, unlike in

---

[3] Thaler nonetheless admits, "Strickland objected to the recommendation that his unexhausted claims be dismissed, urging the district court to address those claims on the merits as well." Appellee's Br. at 3.

*Slack*, the district court did not dismiss the entire first petition but adjudicated one of Strickland's claims on the merits, and, unlike the petitioner in *Burton*, Strickland raised unexhausted claims in his first application that the district court dismissed *without prejudice.* Thus, while *Slack* and *Burton* aid our inquiry, the procedural history in this case is sufficiently distinguishable that neither case controls our holding.

Thaler also finds support for his position in an analogous Tenth Circuit case, in which the petitioner's initial habeas petition included both exhausted and unexhausted claims. *Tapia* v. *LeMaster*, 172 F.3d 1193 (10th Cir. 1999). At the petitioner's request, the court decided the petitioner's exhausted claim on the merits and dismissed without prejudice the petitioner's unexhausted claims. *Id.* at 1194-95. The Tenth Circuit held the petitioner's subsequent petition raising the previously unexhausted grounds that were then exhausted was a "second or successive" petition under 28 U.S.C. § 2244(b)(2). *Id.* at 1196. Thaler contends that like the petitioner in *Tapia*, Strickland abandoned his unexhausted claims when he urged the district court to decide the exhausted claim on the merits. We disagree. While we note *Tapia* is not binding precedent, we also conclude *Tapia* is distinguishable insofar as here the district court considering Strickland's initial habeas claim specifically stated Strickland would be entitled to federal habeas review after exhausting his unexhausted claims.

There is no precedent in our cases for holding a claim previously dismissed without prejudice for failure to meet the exhaustion requirement is a "second or successive" petition under 28 U.S.C. § 2244(b)(2) if refiled after exhaustion. *See In re Gasery*, 116 F.3d 1051, 1052 (5th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)) ("The sequence of filing, dismissal, exhaustion in state court, and refiling . . . might generate multiple docket numbers, but it would not be right to characterize it as successive collateral attacks."). As in *Slack*, the district court dismissed Strickland's unexhausted claims without

No. 11-40317

condition and *without prejudice*. *See Slack*, 529 U.S. at 489. Strickland relied on the court's statement that he could "again seek federal habeas corpus relief" once he exhausted his unexhausted claims. We agree with Strickland that district courts cannot send petitioners on wild goose chases by permitting them to split their exhausted and unexhausted claims, guaranteeing them federal habeas review if they exhaust their state court remedies, only to then deny them habeas review once they have exhausted their state remedies. Accordingly, we hold Strickland's petition is not a "second or successive" petition within the meaning of 28 U.S.C. § 2244.

## IV

For these reasons, we REVERSE and REMAND.[4]

---

[4] We deny Strickland's motion to strike Appellee's brief.