# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50701
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 23, 2019

Lyle W. Cayce
Clerk

TOMMY JOE KELLEY,

Plaintiff-Appellant

v.

ANGIE CREASY; JUDGE JULIE KOCUREK,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-143

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Tommy Joe Kelley, Texas prisoner # 1768715, appeals the district court's dismissal of his "Formal Complaint," which the district court construed as a petition for a writ of mandamus under 28 U.S.C. § 1361, and of his postjudgment "Application for Novodamus." The district court dismissed Kelley's mandamus petition and postjudgment motion without prejudice for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lack of jurisdiction.   We review such dismissals de novo.   *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

With the benefit of liberal construction, we conclude that Kelley contends the district court erred in dismissing his mandamus petition and postjudgment motion because the court had jurisdiction to investigate and prosecute the state officers' alleged violations of the United States Constitution.   To the extent Kelley sought to have the district court prosecute the state officers, the district court was correct that Kelley does not have a constitutional right to have an individual criminally prosecuted.   *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).   To the extent Kelley sought to have the district court direct the state courts to investigate his prosecutorial misconduct allegations and hold a hearing on his applications for postconviction relief, the district court correctly determined that it lacked the authority to do so.   *See Moye v. Clerk, DeKalb County Super. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973).   To the extent Kelley sought to challenge the validity of his state convictions and obtain federal habeas relief, the district court correctly determined that it lacked jurisdiction to entertain an unauthorized successive 28 U.S.C. § 2254 application.   *See* 28 U.S.C. § 2244(b)(3)(A); *Strickland v. Thaler*, 701 F.3d 171, 174 (5th Cir. 2012). Finally, Kelley has abandoned any argument that the district court erred in failing to construe his complaint as a civil rights action pursuant to 42 U.S.C. § 1983.   *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Kelley's motion for leave to file an "Application for Writ of Supervisory Control," which we have construed as a supplemental appellate brief, is GRANTED.   Because Kelley has not shown that the district court erred in dismissing his mandamus petition and postjudgment motion, however, the district court's judgment is AFFIRMED.