# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2021

Lyle W. Cayce
Clerk

No. 19-30033

Kennith W. Montgomery,

*Petitioner—Appellant*,

*versus*

Jerry Goodwin, *Warden, David Wade Correctional Center*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CV-1288

Before Elrod, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:*

Kennith W. Montgomery, pro se, seeks a Certificate of Appealability ("COA") to consider whether the district court erred in dismissing his petition challenging his convictions under 28 U.S.C. § 2254. Because the district court lacked jurisdiction to hear Montgomery's § 2254 petition, we

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-30033

VACATE the district court's judgment, REMAND with instructions to dismiss, and DENY Montgomery's motion for a COA as moot.

## I. Background

In Louisiana state court, Montgomery was convicted of two counts of distributing cocaine and was sentenced to concurrent thirty-year terms of imprisonment. *See State v. Montgomery*, 158 So. 3d 87, 89 (La. Ct. App. 2014). On direct appeal, Montgomery argued that (1) the trial judge should have recused himself; (2) the trial court erred in denying his motion to suppress video evidence; (3) the State violated his due process rights because it did not provide full discovery until the day of trial; (4) the jury selection process was unconstitutional, *id.* at 89-95; and (5) his trial counsel was ineffective (the "IAC claim").  The Louisiana appellate court affirmed his convictions but did not explicitly consider Montgomery's IAC claim.  *Id.* at 89–96.

Montgomery then applied to the Louisiana Supreme Court for a writ of certiorari but did not include his IAC claim in his initial application. However, Montgomery asserted this claim in a subsequent motion to supplement his writ application.  Nevertheless, the Louisiana Supreme Court denied certiorari in November 2015.  *State v. Montgomery*, 184 So. 3d 23 (La. 2015) (mem.).[1]

In December 2015, Montgomery unsuccessfully sought post-conviction relief in Louisiana district court.  The Louisiana appellate court denied his appeal, and the Louisiana Supreme Court denied his application for a writ of certiorari.

In January 2018, Montgomery filed a § 2254 petition in federal court challenging his convictions on various grounds, including his IAC claim. Along with his § 2254 petition, Montgomery submitted several exhibits,

---

[1] Montgomery did not petition the United States Supreme Court for a writ of certiorari.

including his motion to supplement his writ application and his brief from his direct appeal. Nevertheless, on preliminary review of Montgomery's petition, the magistrate judge found that Montgomery had never raised his IAC claim in state court and therefore concluded that this claim was unexhausted. *Montgomery v. Goodwin*, No. 18-cv-0067, 2018 WL 736115, at *3 (W.D. La. Feb. 5, 2018). To avoid adjudicating a "mixed" habeas petition containing exhausted and unexhausted claims,[2] the magistrate judge gave Montgomery four options:

> 1. Request a stay in proceedings, with the knowledge that same might be denied if he cannot show good cause for his failure to exhaust or in light of the Louisiana Supreme Court's per curiam opinion stating that he had fully litigated his post-conviction claims;
>
> 2. Maintain the petition as is, with full knowledge that it will likely be dismissed . . . unless he can show a reason why the exhaustion requirement should not be applied to his claim;
>
> 3. Voluntarily dismiss the unexhausted claim, with the knowledge that he may be barred from reurging it in another federal petition even if he manages to exhaust that claim in state court; or
>
> 4. Voluntarily dismiss the entire petition without prejudice in order to exhaust the unexhausted claim, but with the knowledge that his petition might be barred by the limitations period when he refiles.

*Id.* at *4.

Montgomery chose the third option: to voluntarily dismiss his IAC claim. In July 2018, the magistrate judge recommended that Montgomery's

---

[2] It is well established that "a district court should dismiss an entire federal habeas application if the petitioner's state remedies have not been exhausted as to all claims raised in the federal petition." *Strickland v. Thaler*, 701 F.3d 171, 174 (5th Cir. 2012).

remaining claims be dismissed on the merits. *Montgomery v. Goodwin*, No. 2:18-cv-0067, 2018 WL 9597157, at \*1 (W.D. La. July 11, 2018). In response, Montgomery filed a second motion to amend his petition, seeking to reinstate his IAC claim and asserting that the magistrate judge had improperly determined that this claim was unexhausted. However, soon after Montgomery filed his second motion, the district court adopted the magistrate judge's recommendation and dismissed Montgomery's petition with prejudice. *Montgomery v. Goodwin*, No. 18-0067, 2018 WL 9597159, at \*1 (W.D. La. Aug. 27, 2018). In a separate order filed in September, the district court denied Montgomery's second motion to amend, asserting that the magistrate judge correctly instructed Montgomery to dismiss his IAC claim.[3] *Montgomery v. Goodwin*, No. 18-0067, 2018 WL 9597161, at \*1 (W.D. La. Sept. 11, 2018).

In October 2018, Montgomery filed a second § 2254 petition, which included his IAC claim, and a claim that his sentence was excessive. The magistrate judge concluded that Montgomery's IAC claim was still unexhausted, but assumed that his excessive sentence claim was exhausted, and consequently recommended that Montgomery's petition be dismissed. *Montgomery v. Goodwin*, No. 2:18-cv-1288, 2018 WL 6318546, at \*2–3, \*2 n.2 (W.D. La. Oct. 4, 2018). Montgomery objected to the magistrate judge's recommendation on the basis that he had exhausted his IAC claim in state court. Despite Montgomery's objection, the district court adopted the magistrate judge's recommendation and dismissed Montgomery's petition. *Montgomery v. Goodwin*, No. 2:18-cv-1288, 2018 WL 6314678, at \*1 (W.D. La. Dec. 3, 2018). Montgomery filed a timely notice of appeal,[4] and then moved for a COA on the issue of whether his IAC claim was exhausted.

---

[3] We denied Montgomery's subsequent COA application on his January 2018 § 2254 petition in June 2019.

[4] Montgomery's notice of appeal was filed on January 10, 2019, making it appear untimely on its face. FED. R. APP. P. 26(a). However, Montgomery claimed that he had

## II.    Discussion

Before going any further, we must ascertain the scope of our jurisdiction over this case. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction."). Under 28 U.S.C. § 2244(b)(3)(A), a habeas petitioner must obtain authorization from the court of appeals before a district court may consider a "second or successive application." Accordingly, a district court lacks jurisdiction to consider an unauthorized successive habeas application. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). If a district court improperly entertains a successive petition, our jurisdiction is limited to the "purpose of correcting the error of the lower court in entertaining the [petition]." *Id.* (quotation omitted). Thus, the key question is whether Montgomery's § 2254 petition is properly considered "successive" under § 2244(b)(3)(A).

A petition "is successive when it either presents a challenge to the petitioner's conviction or sentence that could have been presented in an earlier petition or can be said to be an 'abuse of the writ.'" *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009) (citation omitted). Here, Montgomery argues that the district court erred in dismissing his October 2018 § 2254 petition on the grounds that his IAC claim was unexhausted. He maintains that he exhausted his IAC claim in state court by raising it in his brief to the Louisiana appellate court and in his motion to supplement his application for a writ of certiorari before the Louisiana Supreme Court. That is, Montgomery claims he exhausted his IAC claim prior to filing his first

---

filed an earlier notice of appeal on December 10, 2018 but had never received acknowledgment of its receipt. Accordingly, we remanded to the district court for the limited purpose of determining whether Montgomery had filed a timely notice of appeal under the mailbox rule or whether he should be granted an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). On remand, the district court determined that Montgomery had filed a timely notice of appeal under the mailbox rule, or, in the alternative, that he should be granted an extension under Rule 4(a)(5).

§ 2254 petition in January 2018. But if his IAC claim was exhausted prior to the filing of his January 2018 § 2254 petition, then that claim could have been properly presented in that petition. Consequently, Montgomery's October 2018 petition was successive.

It is irrelevant that the magistrate judge determined that Montgomery's IAC claim was unexhausted during her preliminary review of his January 2018 § 2254 petition, because Montgomery, rather than the district court, dismissed the IAC claim. Although the magistrate judge's analysis may have been incorrect,[5] she warned Montgomery that he might later be barred from raising his IAC claim if he voluntarily dismissed it. *Montgomery v. Goodwin*, 2018 WL 736115, at *4. Montgomery could have refused to dismiss the claim and then challenged the dismissal of his petition on appeal. Instead, he voluntarily dismissed this claim, with full knowledge of the consequences.[6]

As Montgomery's October 2018 § 2254 petition was successive and he did not obtain our authorization prior to filing, the district court lacked jurisdiction to consider the petition. Accordingly, we VACATE the

---

[5] Because it is Montgomery's responsibility to demonstrate that his petition was not successive, for present purposes we assume without deciding that he is correct that he exhausted his IAC claim in state court prior to filing his January 2018 petition. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998) (explaining that "the party invoking federal jurisdiction bears the burden of establishing its existence").

[6] Our decision in *Strickland v. Thaler*, 701 F.3d 171 (5th Cir. 2012), does not contradict our conclusion that Montgomery's § 2254 petition was successive. In that case, we held that "where in an initial federal habeas petition the court decided an exhausted claim on the merits and dismissed the unexhausted claims without prejudice, stating the petitioner may return to federal court after exhausting the unexhausted claims, and the petitioner seeks to refile his petition after exhausting the unexhausted claims," the new petition "is not a 'second or successive' petition within the meaning of 28 U.S.C. § 2244." *Id.* at 174, 176–77. Thus, *Strickland* is distinguishable in two respects: (1) Montgomery's IAC claim was exhausted at the time of his January 2018 § 2254 petition and (2) the district court gave Montgomery no assurance that he would be able to return to federal court to press the voluntarily dismissed claim. Hence, our holding in *Strickland* does not affect our analysis of this case.

judgment of the district court, REMAND with instructions to dismiss for lack of jurisdiction, and DENY Montgomery's motion for a COA as moot.